UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EDWARD T. LARISH,<br><br>                    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et. al.,<br><br>                    Defendant. | NO. CV-09-5015-RMP<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**I. Introduction**

Before the Court are the motions by the United States of America ("United States") for an order dismissing Edward Larish's claims in this matter and an order granting summary judgment for the United States (Ct. Rec. 9).

The Court has reviewed and considered Mr. Larish's complaint and accompanying exhibits (Ct. Rec. 1), the United States's Motion to Dismiss and Motion for Summary Judgment (Ct. Rec. 9) and accompanying brief (Ct. Rec. 10), statement of material facts and exhibits (Ct. Rec. 11), Mr. Larish's responsive letters (Ct. Recs. 14, 15, 16, 17, 18, 21, and 24), the United States's reply memorandum (Ct. Rec. 19), the Court's previous notice to Mr. Larish of the dismissal and/or summary judgment rule requirements (Ct. Rec. 13), and the remaining file in this case.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

An oral argument hearing was held on April 15, 2010. Mr. Larish represented himself pro se. Rolf Tangvald appeared on behalf of the United States.

## II. Background

The parties largely do not dispute the facts. Where minor disputes exist, the Court views the evidence in the light most favorable to Mr. Larish, the nonmoving party.

Mr. Larish happened upon a farm sale in Milton-Freewater, Oregon, in approximately July or August 2007 (Ct. Rec. 1 at 1). There, he purchased one or more ammunition boxes along with their contents. Later he discovered, in one of the boxes, a Maxim, Model 1923, silencer (Ct. Rec. 1 at 2). The silencer had no serial number and was unregistered (Ct. Rec. 11-5, Ex. 3 at 12). After conversations with different people about what Mr. Larish should do to legally possess the silencer, Mr. Larish sent the silencer and a letter to John Spencer, Chief of the Firearms Technology Branch of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") (Ct. Rec. 1 at 2). Mr. Larish sent the silencer to Mr. Spencer in an effort to pay the tax and register the device in accordance with the National Firearms Act of 1932 to possess the silencer lawfully (Ct. Rec. 1 at 2, 4-6). Mr. Spencer sent Mr. Larish a letter dated May 6, 2008, explaining that the ATF would not return the silencer to Mr. Larish. (Ct. Rec. 1 at 6-8).

Mr. Larish sued the United States in United States District Court, Eastern District of Washington, on February 27, 2009, seeking return of the silencer, a declaration that gun control measures, specifically the National Firearms Act and the Gun Control Act, are unconstitutional, and a finding that Mr. Larish was deprived of his constitutional rights when the United States retained his silencer. (Ct. Rec. 1). The United States answered that Mr. Larish had not yet exhausted his

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

administrative remedies and that the Court lacked subject matter jurisdiction while administrative forfeiture proceedings remained an option (Ct. Rec. 4 at 3).

ATF notified Mr. Larish of commencement of administrative forfeiture proceedings by a letter dated May 15, 2009 (Ct. Rec. 11, Ex. 1 at 8). The letter informed Mr. Larish of his opportunities to contest the forfeiture in United States District Court, or, alternatively, in ATF's administrative forfeiture process (Ct. Rec. 11, Ex. 1 at 9). Mr. Larish attempted to halt administrative forfeiture proceedings and contest the forfeiture in district court by sending a claim form that the United States asserts, and Mr. Larish does not contest, was not properly endorsed and not certified by a cost bond (Ct. Rec. 11, Ex. 2 at 10). The United States allegedly sent Mr. Larish a letter dated June 4, 2009, informing him of the defects in his claim and extending the deadline for him to submit a proper claim by June 19, 2009 (Ct. Rec. 11, Ex. 2 at 10). Mr. Larish then submitted a signed and dated form, but no bond. (Ct. Rec. 11, Ex. 2 at 10); Defendant's Exhibit 4. The form was accompanied by a letter from Mr. Larish explaining that he would not be sending a cost bond. Defendant's Exhibit 4.

The agency alleges it received Mr. Larish's claim form on June 23, 2009 (Ct. Rec. 11, Ex. 2). In a letter dated August 5, 2009, ATF notified Mr. Larish that in light of Mr. Larish's flawed application, the agency would proceed with the administrative forfeiture action (Ct. Rec. 11, Ex. 2 at 10). On August 17, 2009, the agency sent Mr. Larish a Declaration of Administrative Forfeiture completing the forfeiture of the silencer to the United States Government (Ct. Rec. 11, Ex. 3 at 12).

On December 1, 2009, the United States moved this Court to dismiss Mr. Larish's claims and enter summary judgment in favor of the United States (Ct. Rec. 9).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

## III. Standards for Dismissal and Summary Judgment

A.  *Rule 12(b)(1) Standard*

This Court, as a federal court, is a court of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673 (1994). The Court's authority extends only to subject matter authorized by the Constitution or by statute. *Id.* The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See id.* The Court will grant a motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure if the complaint fails to allege grounds for federal subject matter jurisdiction, as required by rule 8(a) of the Federal Rules of Civil Procedure. *See Warren v. Fox Family Worldwide*, 328 F.3d 1136, 1139 (9th Cir.2003).

A motion to dismiss under Rule 12(b)(1) can be facial or factual. *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.2003). A facial challenge "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. A factual attack, by comparison, "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. The moving party may convert "the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court[.]" If that happens, "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Safe Air*, 373 F.3d at 1039 (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, n. 2 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009, 124 S.Ct. 2067, 158 L.Ed.2d 618 (2004)).

Additionally, where a factual challenge is asserted, in contrast to a facial challenge, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from

evaluating for itself the merits of jurisdictional claims." *Roberts*, 812 F.2d at 1177 (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.1983)) (internal quotations omitted).

B.  *Rule 12(b)(6) Standard*

The United States also moves under Fed. R. Civ. P. 12(b)(6) to dismiss Mr. Larish's complaint for failing to state a claim under which relief can be granted. To survive a 12(b)(6) motion, a complaint must contain sufficient facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955 (2007)). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

C.  *Treatment of a Motion to Dismiss under Rule 12 as a Motion for Summary Judgment under Rule 56*

When a district court looks beyond the pleadings in evaluating a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the court must treat the motion as one for summary judgment under Fed. R. Civ. P. 56. *Grove v. Mead School Dist. No. 354*, 753 F.2d 1528, 1532 (1985). However, "[b]efore summary judgment may be entered, all parties must be given notice and an opportunity to respond." *Grove*, 753 F.2d at 1532.

The Ninth Circuit has also acknowledged that a district court may properly apply the more stringent summary judgment standard to a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) when the jurisdictional issue and the substantive issues are interdependent and inseparable.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

*See Thornhill Pub., Inc. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733-35 (1979).

The United States submitted a declaration and exhibits in support of its motion to dismiss (Ct. Rec. 11) and this court notified Mr. Larish that it would look beyond the pleadings in evaluating the United States's motions to dismiss under Fed. R. Civ. P. 12(b)(1) and (6) (Ct. Rec. 13).

D.  *Summary Judgment Standard*

This Court should grant summary judgment if the parties' pleadings, affidavits, and other admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is the primary tool by which factually insufficient claims can be isolated and prevented from going to trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In that way it also prevents the unwarranted consumption of public and private resources. *Celotex*, 477 U.S. at 327.

The United States, as the moving party, bears the initial burden of demonstrating the absence of a genuine issue of material fact. See *Celotex*, 477 U.S. at 323. The moving party must demonstrate to the court that there is an absence of evidence to support the non-moving party's case. See *Celotex Corp.*, 477 U.S. at 325. The burden then shifts to the non-moving party to "set out 'specific facts showing a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

A genuine issue of material fact exists if sufficient evidence supports the claimed factual dispute, requiring "a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Service, Inc. V. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987). At summary judgment, the court draws

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

all reasonable inferences in favor of the nonmoving party. If the nonmoving party produces evidence that contradicts evidence produced by the moving party, the court must assume the truth of the nonmoving party's evidence with respect to that fact. *T.W. Elec. Service, Inc.*, 809 F.2d at 631. The evidence presented by both the moving and non-moving parties must be admissible. Fed. R. Civ. P. 56(e). Furthermore, the court will not presume missing facts, and non-specific facts in affidavits are not sufficient to support or undermine a claim. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990).

## IV. Discussion

A.  *Mr. Larish's Claim for Return of the Silencer*

Mr. Larish makes a claim in his complaint for the return of the Maxim silencer (Ct. Rec. 1 at 2). The United States argues that this Court should enter summary judgment dismissing Mr. Larish's claim for the silencer based on lack of subject matter jurisdiction to hear the claim. The United States maintains that the occurrence of the administrative process divests this Court of subject matter jurisdiction over Mr. Larish's claim contesting forfeiture. *See Linarez v. United States Department of Justice*, 2 F.3d 208 (7th Cir.1993); *see also Simons v. United States*, 497 F.2d 1046 (9th Cir. 1974).

The Maxim silencer at issue here is a firearm under the National Firearms Act, Title 26, United States Code  26 U.S.C. § 5845(a) (providing that the term "firearm" includes "any silencer (as defined in section 921 of title 18, United States Code)"); 18 U.S.C. § 921(3)(C) ("'firearm' means . . . any firearm muffler or firearm silencer"); 18 U.S.C. § 921(24) ("'firearm silencer' mean[s] any device for silencing, muffling, or diminishing the report of a portable firearm . . .").

The Maxim silencer is unregistered and has no serial number (Ct. Rec. 11-5,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

Ex. 3 at 12). It is a violation of Title 26, Chapter 53, United States Code, for any person to receive or possess a firearm "which is not registered to him in the National Firearms Registration and Transfer Record" or "which is not identified by serial number as required by this chapter[.]" 26 U.S.C. § 5861(d), (I). Any "firearm" involved in a violation of any provision of Title 26, Chapter 53, United States Code (Machine Guns, Destructive Devices, and Certain Other Firearms), is subject to seizure and forfeiture. 26 U.S.C. § 5872(a). Forfeiture proceedings for firearms are governed by the same internal revenue laws relating to forfeitures of "unstamped articles". 26 U.S.C. A. § 5872(a).

Once an administrative forfeiture proceeding is commenced by sending a notice of forfeiture proceedings, a person whose property is the subject of the forfeiture may proceed in any of three ways. First, one may pursue a judicial remedy by contesting the seizure and forfeiture in United States District Court. 19 U.S.C. § 1608; 21 C.F.R. § 1316.78. A person may halt the administrative forfeiture process and trigger the judicial hearing by filing, within 20 days from the date at the top of the notice letter, a claim of ownership accompanied by a cost bond with the ATF. 19 U.S.C. §1608. The cost bond should be in the amount of either "$5000 or 10 percent of the value of the claimed property, whichever is lower, but not less than $250 dollars." 19 U.S.C. § 1608. Therefore, the cost bond must be $250 at the least, $5000 at the most. 19 U.S.C. § 1608. If the person wishes to contest the forfeiture in district court but does not have the money to provide the cost bond, he may submit a sworn affidavit setting forth the basis for his inability to pay and request that ATF waive the cost bond and allow him to proceed *in forma pauperis*. Second, within 30 days of the date of the notice of forfeiture proceedings, the person may consent to the forfeiture of the property through the administrative process and submit to ATF a petition for remission or

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

mitigation of forfeiture. 19 U.S.C. § 1618. Third, the person receiving the notice may take no action, and the government will proceed with summary forfeiture. 19 U.S.C. § 1609.

"The overwhelming weight of authority supports the position that a federal court lacks jurisdiction to review the merits of administrative forfeiture decisions once the administrative process has begun." *United States (Drug Enforcement Agency) v. One 1987 Jeep*, 972 F.2d 472, 280 (2d Cir.1992) (cited approvingly in *Geet v. I.N.S.*, 121 F.3d 1285, 1291 (9th Cir.1997)). ATF forfeitures are no exception. *See Linarez v. United States Dep't of Justice*, 2 F.3d 208, 211-12 (7th Cir.1993).

Mr. Larish received a letter from ATF describing these three options (Ct. Rec. 11-3, Ex. 1 at 8). He chose to pursue a judicial remedy in lieu of filing a petition for remission or mitigation (Ct. Rec. 11-4, Ex. 2 at 10). However, Mr. Larish did not sign and date his claim of ownership or submit a cost bond along with the claim as required by 19 U.S.C. § 1608. ATF sent a letter to Mr. Larish notifying him of the problems with his first claim and giving him approximately two additional weeks to file a proper claim of ownership with cost bond (Ct. Rec. 11, Ex. 2 at 10). Mr. Larish sent a letter in response explaining why he would not be submitting a $250 cost bond. Defendant's Exhibit 4. ATF alleges it received the letter four days after the deadline (Ct. Rec. 11, Ex. 2 at 10). Therefore, Mr. Larish's claim was flawed in two ways: (1) Mr. Larish did not certify the claim with the required cost bond but also did not request to proceed *in forma pauperis*, as someone who claims and demonstrates an inability to pay the costs of litigation; and (2) Mr. Larish did not file the claim by the deadline. (Ct. Rec. 11, Ex. 2 at 10); Defendants's Exhibit 4; *see* 19 U.S.C. § 1608.

ATF then notified Mr. Larish on August 5, 2009, that in light of Mr.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

Larish's failure to trigger the judicial remedy, the agency would proceed with the administrative forfeiture action (Ct. Rec. 11, Ex. 2 at 10). On August 17, 2009, the agency sent Mr. Larish a Declaration of Administrative Forfeiture completing the forfeiture of the silencer to the United States Government (Ct. Rec. 11, Ex. 3 at 12).

When Mr. Larish did not take the opportunity to post a claim and bond to obtain judicial forfeiture, as permitted by 19 U.S.C. § 1608, he waived his opportunity for a hearing and deprived this Court of jurisdiction to decide whether he is entitled to return of the silencer or other relief such as remission or mitigation. *See, e.g., Gete*, 121 F.3d at 1291.

B.   *Mr. Larish's Claim that Gun Control Laws are Unconstitutional*

Mr. Larish alleges in his complaint that the National Firearms Act, the Gun Control Act, and all other gun control measures, "whether state, city, or federal" are unconstitutional (Ct. Rec. 1 at 2). The United States moves for dismissal on the ground of Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

The National Firearms Act ("NFA"), 26 U.S.C. §§ 5801-et seq., imposes registration requirements on any device defined as a "firearm." Machine guns, sawed-off shotguns and rifles, silencers, and other dangerous weapons fall within the term "firearms." The NFA has repeatedly survived challenges to its constitutionality. *See Sonzinsky v. United States*, 300 U.S. 507 (1937) (The National Firearms Act of 1934 is a constitutionally permissible exercise of Congress' authority to tax.); *United States v. Miller*, 307 U.S. 174 (1939) (The National Firearms Act of 1934 does not violate Second Amendment to the United States Constitution or impinge on the reserved powers of the States); *Haynes v. United States*, 390 U.S. 85 (1968) (Congress, subject to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

constitutional limits, may regulate the manufacture, transfer, and possessions of firearms and may tax unlawful activities) (rev'd on Fifth Amendment grounds); *United States v. Freed*, 401 U.S. 601 (1971) (revisions to the National Firearms Act of 1934 are also constitutional). Mr. Larish's arguments are unpersuasive that the NFA is unconstitutional in light of the extensive prior case law holding that it is constitutional.

Nor does Mr. Larish's challenge cast doubt on the constitutionality of the Gun Control Act of 1968, 18 U.S.C. §§ 921 et seq., which requires anyone importing, manufacturing, or dealing in firearms or ammunition to have a license and makes certain acts relating to firearms unlawful. *See, e.g., U.S. v. Gonzalez*, 121 F.3d 928 (5th Cir. 1997), reh'g denied, (Oct. 1, 1997) and cert. denied, 118 S.Ct. 726 (U.S. 1998) and cert. denied, 118 S. Ct. 1084 (U.S. 1998) (constitutional to prohibit possession of an unlawful machine gun); *Hamblen v. U.S.*, 591 F.3d 471 (6th Cir.2009) (Second Amendment right to bear arms does not provide for unlicensed possession of unregistered firearms for personal use).

Mr. Larish's request that the Court find any and all gun control measures unconstitutional is not a claim for which relief can be granted and, given the lack of material factual dispute on the matter, the United States is entitled to judgment in its favor as a matter of law on this issue. Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 56.

C.   *Mr. Larish's Claim that the Agency Acted Unconstitutionally in Retaining the Silencer*

Even where the court lacks jurisdiction to consider whether a person claiming property is entitled to discretionary relief from the effects of a forfeiture, the court still may have jurisdiction to determine whether the forfeiture was unlawful and violated due process. *See Simons v. U.S.*, 497 F.2d 1046 (1974);

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

*Gete*, 121 F.3d at 1292.

However, Mr. Larish does not show that the silencer was wrongfully seized or that he did not receive proper notice of the administrative forfeiture process or an opportunity to be heard prior to the forfeiture. Rather, as analyzed above, the ATF followed the forfeiture process set out by federal statutes, starting in May 2009 and ending in August 2009. There is no factual dispute between the parties on this matter. Although Mr. Larish may be understandably frustrated that the ATF did not initiate forfeiture proceedings until one year after retaining the silencer and several months after Mr. Larish filed his suit with this Court, that delay does not support a finding that the forfeiture was unconstitutional. There is no basis to find that the forfeiture was unlawful or in violation of due process. Accordingly, the Court finds that the United States is entitled to judgment as a matter of law under Fed. R. Civ. P. 56.

## V. Conclusion

Summary judgment in favor of the United States is appropriate on all of the claims in this suit. On its face, Mr. Larish's loss of his antique silencer in the process of trying to pay any taxes owed and properly register the device does not appear just. However, the Constitution gives Congress the power to make laws. U.S. Const., Art. I, § 8. The Court is bound to apply the laws that Congress has passed. ATF, as part of the executive branch of government, has the duty and power to enforce those laws. Therefore,

**IT IS HEREBY ORDERED**:

1. The United States's Motion to Dismiss and Motion for Summary Judgment (**Ct. Rec. 9**) is **GRANTED**.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

2. The District Court Executive is directed to enter judgment in favor of the United States on all of Mr. Larish's claims.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order, furnish copies to Mr. Larish and the United States, and close the file.

**DATED** this 4th day of May, 2010

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Court Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13